IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSHUA BOSS CUPPLES                                                                          PLAINTIFF

v.                              Civil No.     4:23-cv-04109-SOH-CDC

SERGEANT ATKINS; and
SERGEANT FRAZEIR                                                                           DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Joshua Boss Cupples, currently an inmate of the Miller County Detention Center, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on November 15, 2023. (ECF Nos. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3). At all times relevant to the claims in this matter, Plaintiff was a convicted inmate at Miller County Detention Center ("MCDC") in Texarkana, Arkansas. In his Complaint, Plaintiff alleges two claims against two defendants: Sergeant Atkins, and Sergeant Frazeir of the MCDC, although the Court notes that both claims center around the same events. Plaintiff seeks only compensatory damages as relief.

1

In Claim One, Plaintiff claims Defendant Frazeir violated his constitutional rights through his conditions of confinement at the MCDC. Specifically, Plaintiff alleges, on October 27, 2023, he was placed on suicide watch with a faulty "suit" to wear. (ECF No. 1, p. 4). Plaintiff states that Defendant "Frazier instructed the [officer] to dress me out and when I told her about the suit she stated [,] 'You should have not been placed on [suicide] watch.'" *Id.* The suit had faulty Velcro and "they" refused to replace it. *Id.* at 5. Plaintiff claims these actions emotionally disturbed him and made him feel like "a naked dog in a cage." *Id.* Plaintiff makes this claim against Defendant Frazier in both his individual and official capacities. In support of his official capacity component of Claim One, Plaintiff states the leaders of the MCDC are allowing this type of behavior toward more people than just Plaintiff. *Id.*

In Claim Two Plaintiff states that Defendant Atkins also violated his constitutional rights through the conditions of confinement in the MCDC. Specifically, Plaintiff asserts that on the night of October 27, 2023, Defendant Atkins placed Plaintiff in the one-man suicide cell with two other inmates. One of the other inmates was homicidal, and Plaintiff was forced to sleep on the floor under the toilet. Plaintiff says he spent the one night smelling urine and fearing for his life. (ECF No. 1, p. 6). Plaintiff asserts Claim Two against Defendant Atkins only in his individual capacity. *Id.* at 7.

## II.   APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

The facts set forth in Plaintiff's Complaint against Defendants Frazier and Atkins do not support a plausible cause of action for relief under 42 U.S.C. § 1983. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001) (explaining a plaintiff's claim should be dismissed for failure to state a claim if it appears beyond a doubt the complaint can prove no set of facts to support his purported cause of action.) While Plaintiff alleges two claims, both relate to Plaintiff's one-night stay, on October 27, 2023, in the suicide cell at the MCDC. Claim One complains of Plaintiff's clothing (or lack thereof) while in the cell and Claim Two complains of the sleeping arrangements and dangerous nature of his cellmate. Plaintiff claims his conditions of confinement on this night violated his Eighth Amendment rights, and the Court interprets Plaintiff's complaint regarding his cellmate as a failure to protect claim under the Eighth Amendment.

### A. Conditions of Confinement

The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids prison conditions that involve the "unnecessary and wanton infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citations omitted). Prison officials are required to provide adequate food, clothing, and shelter. *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

To establish a conditions of confinement violation under the Eighth Amendment, Plaintiff must prove both an objective and subjective element. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citation omitted). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Id.* Negligence alone is insufficient to meet the second prong of this test; instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County*, 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted).

Furthermore, because Section 1983 claims are a type of tort claim, the general principles of tort law require the plaintiff suffer some actual injury before compensation can be granted. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Id.* Damages for mental or emotional harm are not available absent a prior showing of physical injury. *Royal v. Kautzky*, 375 F.3d 720, 722 (8th Cir. 2004) (citing 42 U.S.C. § 1997e(e)).

1. **No Clothing**

Plaintiff has failed to state allegations, in either Claim One or Two, to establish that the conditions he suffered during his one-night stay in the suicide cell denied him of "the minimal civilized measure of life's necessities."  The only deprivation alleged by Plaintiff is that of his clothing and a bed for one night.  The Eighth Circuit previously has held there is no absolute Eighth Amendment right to bedding and clothing during a short stay in a segregation cell.  *See e.g., Williams v. Delo*, 49 F.3d 442, 445-6 (8th Cir. 1995) (holding a four-day stay in strip cell with no clothes, no bedding, and no running water did not rise to the level of an Eighth Amendment violation when the inmate was provided regular meals and hydration and suffered no physical injuries).

Further, Plaintiff's specific complaint that he was forced to sleep on the floor under the toilet also fails to objectively rise to the level of an Eighth Amendment violations.   Plaintiff makes no factual allegations regarding his health during the one-night sleep under the toilet, nor does he claim he was deprived of a mat or bedding. Plaintiff claims he was forced to sleep under the toilet where he could smell urine; however unpleasant, this was for only one night and does not objectively rise to the level of a constitutional violation.  *See Goldman v. Forbus,* No. 00-2463WA, 2001 WL 838997, at *1 (8th Cir. July 26, 2001) (unpublished *per curiam*) (no constitutional violation where pretrial detainee slept six nights on the floor next to toilet); s*ee also Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) ("Conditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or month").

2. **Offensive Verbal Comments**

In Claim One Plaintiff also complains of Defendant Frazeir's comment: "You should have not been placed on [suicide] watch."  (ECF No. 1, p. 5).  It is well established that "[v]erbal

threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under Section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail official did not rise to the level of a constitutional violation). Accordingly, while Defendant Frazier's comment may have lacked compassion for Plaintiff's mental state in the moment or been otherwise unkind, Defendant Frazier's comment did not violate Plaintiff's constitutionally protected rights.

### B.  Failure to Protect

The Court turns to Claim Two where Plaintiff alleges he feared for his life because one of the other inmates in the cell was a homicidal maniac.[1] As an initial matter, inmates have no constitutional right to be housed in a certain barrack or housing unit, or with certain inmates. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (Due Process Clause does not foreclose State's right to assign or transfer inmate to any state prison); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (no right under Due Process Clause to be housed in a certain barrack or housing unit, or with certain inmates). Additionally, prisoners generally have no constitutionally protected liberty interest in their placement and classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Plaintiff's claimed fear from a potential threating cellmate does not rise to the level of a constitutional violation.

---

1 The Court notes Plaintiff did not complain of overcrowding in the segregation cell. Only his exposure to the inmate he classified as dangerous. Accordingly, the Court will not address that issue here.

Plaintiff also fails to allege sufficient facts to state a claim for failure to protect in violation of the Eighth Amendment. Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. *See Perkins v. Grimes*, 161 F.3d 1127, 1129 (8th Cir. 1998). However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on a failure to protect claim, a plaintiff must satisfy a two-prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) show that prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure that the deprivation is a violation of a constitutional right. *Id.* The second prong, however, is subjective and requires a showing that the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007). Furthermore, as previously stated: "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving*, 519 F.3d at 448. Damages for mental or emotional harm are not available absent a prior showing of physical injury. *Royal,* 375 F.3d at 722.

If, for the purposes of this screening only, the Court assumes Plaintiff's allegations to satisfy the objective prong of the test, his claims still fail for two reasons. First, these allegations do not satisfy the second prong of the test because Plaintiff does not allege Defendants were deliberately indifferent by knowing but disregarding, "an excessive risk" to his "health or safety." *Holden*, 663 F.3d at 341 (quoting *Farmer*, 511 U.S. at 837); *see also Revels v. Vincenz*, 382 F.3d

870, 875 (8th Cir. 2004). Plaintiff fails to allege either Defendant knew his cellmate was an alleged "homicidal maniac" or that Plaintiff would be at excessive risk if housed with the cellmate. Second, Plaintiff does not allege that he suffered any actual physical injury – *de minimis* or otherwise. Plaintiff does not allege the cellmate injured him in any way. Plaintiff's fear and emotional injuries are insufficient alone to establish a constitutional violation under the Eighth Amendment. *See Royal* , 375 F.3d at 722.

### C. Official Capacity Claims

Without a cognizable constitutional violation alleged, there can be no official capacity claim against Defendants Frazier and Atkins. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)). Accordingly, these claims fail.

### IV. CONCLUSION

For these reasons, it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

RECOMMENDED this 18th day of December 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE